SKY HARBOR AIR SERVICE, A CORPORATION, APPELLANT, V. NORTH AMERICAN VAN LINES, A CORPORATION, APPELLEE.

181 N. W. 2d 859

Filed December 11, 1970. No. 37597.

Clayton H. Shrout of Shrout, Lindquist, Caporale, Brodkey & Nestle, for appellant.

Michael L. Lazer of Marer & Lazer, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

This action arose out of fire damage to an interstate shipment of goods owned by plaintiff for present purposes and transported by defendant. A jury awarded plaintiff $6,345, but the court on motion of defendant rendered judgment of $750 for plaintiff. Plaintiff appeals. It contends a jury question existed whether it might recover more than $750, the released value of the shipment.

Plaintiff's agent and inventory controller, Chester Peters, engaged defendant to transport 2 kardex machines and 16 other items, net weight 2,500 pounds, from Cheyenne, Wyoming, to Omaha, Nebraska. Fire damaged the shipment in transit near Grand Island, Nebraska, on February 22, 1962.

Defendant's subagent Earl Harper testified as follows. On Saturday morning, February 17, 1962, after a call from Peters, Harper telephoned plaintiff's office. Informed that Peters was absent and that the speaker was the supervisor, Harper fully explained defendant's tariff. The supervisor replied that the released value was adequate protection for the short haul. Copies of the tariff were of course carried by the salesmen.

Peters testified as follows. On February 20, 1962, in a discussion with a subagent of defendant at Peters' home, Peters said that each machine was worth $5,000 and that he desired insurance against loss by fire. Upon assurance of the subagent that he would obtain insurance protection and at his request, Peters as plaintiff's

agent signed the freight bill. The amount of protection was not otherwise discussed, and cost was not mentioned.

Peters read and understood the freight bill. It exhibited mostly black type, some red type, and typewriting. Near the center of the form in black boldface was the phrase "FULL VALUE PROTECTION" followed by a typewritten ".30." Approximately an inch above Peters' signature, language in red type appeared as follows: "Unless a different value is declared, the shipper hereby releases the value to 30¢ per pound for each article. Shipper does declare that the entire shipment is valued at $——." The blank was filled with a typewritten ".30."

Between the red type and Peters' signature the freight bill in small black type stated: "Shipper hereby agrees to the foregoing contract terms and conditions, makes the declaration of value, if any, as set forth above, and acknowledges receipt of Interstate Commerce Commission General Information Circular No. 176.12."

Plaintiff did not receive the circular, and, according to Peters, the typewritten ".30" in the two places was not there at that time.

The released value order of the Interstate Commerce Commission then in force authorized $.30 a pound. Defendant's tariff on file with the commission also provided two methods for a shipper to increase defendant's liability: The shipper might pay double the normal rate for the weight and mileage, or he might pay a predetermined charge per hundred dollar value declared by him.

Federal law governs. A carrier in interstate commerce may contract to limit its liability to an agreed value made to adjust rates of carriage. The validity of such a limitation is not ordinarily impaired by these circumstances: The shipper, with reasonable notice that he might increase liability of the carrier for loss by payment of a correspondingly greater charge, failed

to do so. See, 49 U. S. C. A. § 20(11); Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314 (1913); Chandler v. Aero Mayflower Transit Co., 374 F. 2d 129 (4th Cir., 1967).

Defendant's tariff was available. Peters read and understood the freight bill. If he relied on the subagent to obtain full protection without agreement on amount or cost, his reliance was wholly unjustified. On any theory of the case, the evidence presented no jury issue.

AFFIRMED.